### WURTS ET AL. V. MULLEN.

In an action to recover possession of real estate, plaintiffs alleged title in fee and ouster by defendant. Defendant denied title and entry, and alleged affirmatively title in plaintiffs as heirs of W., deceased, and which had been purchased by defendant at a sale made by the administratrix, one of the plaintiffs, under an order of the county court. The replication admitted the sale and making of the deed as alleged, and payment of purchase money, but averred want of jurisdiction in the county court to make the order of sale. *Held*, that the averment of want of jurisdiction was matter in avoidance, which, under the code (section 72), was to be considered as controverted by the defendant at the trial, and that such averment constituted the issue in the cause, of which plaintiffs held the affirmative.

*Appeal from District Court of Park County.*

THE facts are stated in the opinion.

Mr. G. R. GWYNN and Messrs. GEORGE, MAXWELL and PHELPS, for appellants, *ex parte.*

BECK, C. J.   This case is submitted on the argument and brief of the appellants, who were plaintiffs in the court below.   The action was brought to recover possession of a town lot in the town of Alma, in Park county, to which plaintiffs allege title in fee.   The amended complaint alleges wrongful entry of the defendant and ouster of the plaintiffs in August, 1879, and wrongful withholding of the property ever since.

The answer denies the ownership of plaintiffs, and the wrongful entry and withholding by the defendant, and sets up affirmatively that the only title claimed by the plaintiffs to the lot in controversy is that inherited by the plaintiffs as the legal heirs of one A. J. Wells, deceased. That before the entry of defendant he purchased the title of said heirs from the said plaintiff Mary M. Wurts, the widow of said deceased, and who was then the administratrix of said estate, and that the sale thereof was made by said administratrix by virtue of an order of the county court of Park county, sitting as a court of probate, and that the defendant purchased the lot at said sale for the sum of $1,250; that the sale was reported to said probate court and by it approved, and the administratrix ordered to execute to the purchaser a good and sufficient deed of the premises, which was accordingly made, delivered and duly recorded.   The answer avers payment in full by note and trust deed.

The replication admits the making of the deed in obedience to the order of the probate court, but alleges that the court was without jurisdiction to make the order, and that the same was null and void.

Appellants' counsel say: "The replication denied the validity of the order of the county court.   Upon the

pleadings the burden of proof rested upon the defendant. The court, however, directed the plaintiffs to give proof, and they proved:

"*First*. That A. J. Wells died seized and possessed of the premises in question.

"*Second*. That the plaintiffs were his only heirs.

"*Third*. That the plaintiffs remained in possession for some time after his death.

"*Fourth*. That the defendants entered before the commencement of this suit."

At this point the appellants rested, when the court, on motion of the defendant, entered a judgment of non-suit.

We think the ruling of the district court was correct.

The effect of the replication is the admission of the facts that the plaintiff Mary M. Wurts and her son Jesse succeeded to the legal title of the lot in controversy, as the heirs at law of A. J. Wells, deceased, who was the owner thereof; that said plaintiff Mary M. Wurts became administratrix of the estate of the deceased; that in the settlement of the estate she applied to the probate court for, and obtained an order of sale of the lot in controversy; that she sold the same under said order to the defendant; that the sale was approved, and by order of the court she made and delivered to the defendant a deed therefor, which was duly recorded. It likewise admits payment of the purchase money in manner stated. These admissions establish a *prima facie* case in favor of the defendant.

The further averment of the replication, that the probate court was without jurisdiction to make the order, was matter in avoidance, which was to be regarded as controverted by the defendant on the trial. Code Civil Pro. § 72. This averment constituted the issue in the cause, of which the plaintiff held the affirmative. The oral testimony introduced in their behalf did not tend to support this issue, hence the non-suit was properly entered.

*Affirmed.*